STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**
June 1, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ALAN R. LOUGH,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0971** (BOR Appeal No. 2049210)
(Claim No. 2011000654)

**UNITED FABRICATING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Alan R. Lough, by Jonathan C. Bowman, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. United Fabricating, Inc., by Matthew L. Williams, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 25, 2014, in which the Board affirmed a January 17, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 31, 2012, decision granting Mr. Lough a 0% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Lough was working for United Fabricating, Inc., when he was diagnosed with carpal tunnel syndrome. The claim was held compensable for bilateral carpal tunnel syndrome. Mr. Lough underwent a right carpal tunnel syndrome release surgery on February 14, 2012, and a left carpal tunnel syndrome surgery on March 2, 2012. On April 16, 2012, Mr. Lough returned to work in regular duty capacity. Mr. Lough had three independent medical evaluations. First, Mr. Lough reported to Mark E. Baratz, M.D., on May 7, 2012, that, following the surgeries, his numbness and tingling was resolved. Dr. Baratz found the bilateral carpal tunnel syndrome had

1

resolved with no functional residual impairment. Then, ChuanFang Jin, M.D., noted that Mr. Lough did not report any symptoms of carpal tunnel syndrome or any dysfunction with his hands. Dr. Jin determined that Mr. Lough's carpal tunnel syndrome's symptoms had completely resolved after the surgeries. In September of 2012, Bruce Guberman, M.D., found that Mr. Lough's symptoms had improved but that he still had mildly persistent signs and symptoms. Dr. Guberman opined that Mr. Lough had 12% whole person impairment. Mr. Lough filed an application requesting a permanent partial disability award. On May 31, 2012, the claims administrator granted a 0% permanent partial disability award based on the report of Dr. Baratz.

The Office of Judges affirmed the claims administrator's decision and found Mr. Lough has 0% impairment as a result of resolved bilateral carpal tunnel syndrome. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. Lough disagrees and asserts that he is entitled to a 12% permanent partial disability award based on Dr. Guberman's credible report. United Fabricating, Inc., maintains that Dr. Baratz and Dr. Jin both reported Mr. Lough's symptoms had resolved. United Fabricating, Inc., further maintains that the Office of Judges and the Board of Review both reliably found that the evidence establishes Mr. Lough had a successful recovery and resolution of symptoms following his covered carpal tunnel syndrome release procedures and has no permanent impairment as a result of carpal tunnel syndrome.

The Office of Judges noted that Dr. Jin found 0% impairment for the surgically treated carpal tunnel syndrome under Table 15 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment,* (4th ed. 1993) since no neurological deficit was detected and 0% under Table 16 of the American Medical Association's *Guides* since there are no signs or symptoms of active disease. The reports of Dr. Jin and Dr. Baratz both recommended 0% impairment. The Office of Judges concluded that a preponderance of the evidence shows that Mr. Lough's symptoms of carpal tunnel syndrome completely resolved after his release surgeries, as reported by Mr. Lough in the reports of Dr. Baratz and Dr. Jin. Therefore, the Office of Judges found Mr. Lough has 0% impairment as a result of his resolved bilateral carpal tunnel syndrome.

The Board of Review agreed with the Office of Judges. This Court agrees with the conclusions of the Board of Review and the reasoning of the Office of Judges. Dr. Jin erred in using both Table 15 and Table 16 of the American Medical Association's *Guides* in her impairment recommendation. However, Dr. Baratz's report is credible, and he properly used the American Medical Association's *Guides*. Dr. Baratz concluded that Mr. Lough's carpal tunnel syndrome resolved after his carpal tunnel release surgeries. Dr. Baratz even noted that Mr. Lough stated that his numbness and tingling resolved after the surgeries and that he was able to return to work at full duty on April 16, 2012. Dr. Guberman's recommendation of a 12% impairment rating was excluded properly because it was an anomaly among all of the reports and because he failed to apply West Virginia Code of State Rules § 85-20 (2006).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   June 1, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II